UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. BONNIE GARIBAY, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-00875-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 2017. (ECF No. 1.) Plaintiff's complaint is before the Court for screening. He has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is currently incarcerated at California Men's Colony in San Luis Obispo, California, however his claims arose at the California Correctional institution in Tehachapi, California. He names Warden G. Bonnie Garibay, Correctional Officer

Bidave, and "many other" correctional officers as Defendants.

Plaintiff's allegations are summarized as follows:

On August 20, 1994, after a disciplinary hearing, Plaintiff was placed in administrative segregation ("ad-seg") for threatening staff members. Hours later, correctional officers removed Plaintiff from his cell and placed him in the ad-seg office. Defendant Bidave, who weighs over 300 pounds, put on black leather gloves and, along with four other correctional officers, tortured Plaintiff.

Plaintiff filed a case relating to these claims in "1996 or 1997" under Case No. 1:98-cv-06027-REC-LJO (PC), but it was "closed" for administrative reasons. He states he needs the Court to "reopen" that case.[1]

## IV. Discussion

### A. Request to Reopen Prior Case

Plaintiff's request to reopen Case No. 1:98-cv-06027-REC-LJO (PC) is denied.

The Court construes Plaintiff's request as a motion to reconsider a decision or order under Federal Rule of Civil Procedure 59 or 60. Time limits for pursuing either avenue of relief have expired. Regardless, no circumstance justifying such relif has been presented here. Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" Id.

---

[1] A review of the earlier case reveals that it was a petition for writ of habeas corpus that was dismissed in 2000 for failure to comply with the statute of limitations. (See Argon v. Garibay, Case No. 1:98-cv-06027-REC-LJO, ECF No. 16.)

**B.    Statute of Limitations**

Apparently, Plaintiff originally filed this lawsuit, challenging the disciplinary hearing and outcome, as a civil rights lawsuit under 42 U.S.C. § 1983, but was told that his civil rights suit was, effectively, Heck-barred, i.e., it could not proceed until and unless Plaintiff invalidated his disciplinary proceeding on habeas corpus. See Heck v. Humphrey, 512 U.S. 477 (1994). By the time Plaintiff filed his state habeas petition, the applicable 1-year statute of limitations had expired, the Court found Plaintiff was not entitled to equitable tolling, and his case was found to be time-barred. (Id. at 5.)

Whether Plaintiff raised in his earlier complaint the same excessive force claims he raises here, or whether those claims were ever adjudicated on the merits, is not immediately clear. Regardless, Plaintiff does not explain why he waited until 2017 to file the instant lawsuit. It thus appears that this filing falls far outside of the applicable statute of limitations.

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. Id. at 537-39. California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years while the Plaintiff is imprisoned for a term less than life in prison. Under this tolling provision, Plaintiff had a maximum of four years from the date his claims accrued to file suit, unless that period was extended by equitable tolling.

Under California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). Thus, it may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008). Equitable tolling is available where there is timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of Plaintiff. Id. However, equitable tolling generally does not apply where Plaintiff pursues successive claims in the same forum. Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App. 1998).

Plaintiff has not alleged facts to indicate equitable tolling may apply to his case. Absent such tolling, the statute of limitations on these claims that accrued in 1994 appear time barred. Though it seems unlikely Plaintiff will be able to so, he will be given <u>one</u> opportunity to explain why that may not be so. To this end, further requirements for pleading a cognizable section 1983 claim are also included below.

### B. Linkage and Unnamed Defendants

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if

they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### C. Eighth Amendment Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

## V. Conclusion

The instant complaint will be dismissed with leave to amend within thirty days. If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), and he must state why his 1994 claims are not barred by the applicable statute of limitations. He must also state what each defendant did that led to the deprivation of his constitutional rights; liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v.

Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed July 5, 2017;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. File a notice of voluntary dismissal; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: August 10, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE