UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON,<br><br>Plaintiff,<br><br>v.<br><br>G. BONNIE GARIBAY, et al.,<br><br>Defendants. | **Case No. 1:17-cv-00875-MJS (PC)**<br><br>**ORDER VACATING DISMISSAL, RE-OPENING CASE AND DENYING MOTION FOR RECONSIDERATION AS MOOT**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITH PREJUDICE**<br><br>**(ECF NO. 17)** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 2017. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

Plaintiff's civil rights complaint raised claims that arose in 1994 and 1995. It was dismissed on August 11, 2017 for failure to comply with the statute of limitations and failure to state a claim. (ECF No. 9.) Plaintiff was given thirty days to file an amended complaint and explain why his case was not barred by the statute of limitations. Plaintiff timely filed a first amended complaint. (ECF No. 11.) In addition, he filed a motion for permissive joinder apparently relating to the first amended complaint. (ECF No. 10.) On

October 19, 2017, the Court denied the motion for permissive joinder, screened and dismissed the first amended complaint with prejudice, and entered final judgment in favor of Defendants. (ECF Nos. 15; 16.)

On November 1, 2017, Plaintiff filed "objections" to the Order dismissing the case. (ECF No. 17.) The Court interprets this as a motion for reconsideration.

## I. Vacate Dismissal and Reopen Case

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. King v. Williams, --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were never served and therefore have not consented to Magistrate Judge jurisdiction. Accordingly, pursuant to King, the previously-entered Order of dismissal (ECF No. 15) must be vacated as the undersigned did not have jurisdiction to dismiss Plaintiff's claims with prejudice without all parties having consented to his jurisdiction.

Accordingly, the Order (ECF No. 15) dismissing Plaintiff's complaint with prejudice and directing the Clerk of Court to close this case is vacated. The Court's ruling on Plaintiff's motion for permissive joinder (ECF No. 10) will be reopened as well. The Clerk of Court is directed to reopen this case and appoint a District Judge to the action.

## II. Motion for Reconsideration

Because the Court is vacating he Order of dismissal, Plaintiff's motion for reconsideration (ECF No. 17) of that Order is denied as moot.

## III. Findings and Recommendations on First Amended Complaint

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**C.	Plaintiff's Allegations**

**1.	Original Complaint**

Plaintiff is currently incarcerated at Deuel Vocational Institution in Tracy, California, however his claims in the original complaint arose at the California Correctional Institution in Tehachapi, California. He named Warden G. Bonnie Garibay, Correctional Officer Bidave, and "many other" correctional officers as Defendants. (ECF No. 1.)

Plaintiff's allegations are summarized as follows:

On August 20, 1994, after a disciplinary hearing, Plaintiff was placed in administrative segregation ("ad-seg") for threatening staff members. Hours later, correctional officers removed Plaintiff from his cell and placed him in the ad-seg office. Defendant Bidave, who weighs over 300 pounds, put on black leather gloves and, along with four other correctional officers, tortured Plaintiff.

Plaintiff filed a case relating to these claims in "1996 or 1997" under Case No. 1:98-cv-06027-REC-LJO (PC); however, that suit was "closed" for administrative reasons. He states he needs the Court to "reopen" that case.[1]

**2.	First Amended Complaint**

In the first amended complaint, Plaintiff includes additional details concerning the August 20, 1994 allegations in the original complaint, plus a description of events from 1994 and 1995 that are seemingly unrelated to the allegations in the original complaint. Furthermore, Plaintiff includes an entirely new lawsuit, alleging unrelated claims against a different set of Defendants at a different correctional institute. (ECF No. 11.)

**a.	Allegations from 1994 and 1995**

In the first amended complaint, Plaintiff alleges that Defendant Moore, a correctional officer at California Correctional Institution in Tehachapi, accused Plaintiff of horseplay in 1994 and then, in 1995, falsely changed Plaintiff's statement concerning the

---

[1] A review of the earlier case reveals that it was a petition for writ of habeas corpus that was dismissed in 2000 for failure to comply with the statute of limitations. (See Argon v. Garibay, Case No. 1:98-cv-06027-REC-LJO, ECF No. 16.)

4

incident.

Concerning the 1994 incident described in the original complaint, Plaintiff adds further details about the torture that he endured while in ad-seg. Plaintiff specifies that the Defendants punched him in the face, handcuffed him, placed him in a chair, and then Defendant Bidave squeezed his testicles. Furthermore, Plaintiff states that the torture was conducted by three Defendants (only Defendant Bidave is named) while a fourth Defendant observed and ordered the others to conduct the tortuous conduct.

### b. Solano State Prison Allegations

The first amended complaint then shifts to actions by various Defendants at Solano State Prison. The allegations concerning Solano State Prison name Defendants Sutter, Scotland, Mattason, Derncourt, Arnold, Fritz, Record, Wamble, Young, Rivas, Webster, Marsden, Smith, and Newman. (ECF No. 11 at 4-10.)

Plaintiff alleges that Defendant Sutter purposely viewed him while naked and then accused Plaintiff of flashing him. Plaintiff claims that other Defendants employed at Solano State Prison conspired with Defendant Sutter concerning the flashing allegation and that they presented the flashing incident to the parole board (members of which are named as Defendants), which denied his parole based upon the allegations.

Plaintiff also alleges that Defendant Arnold, the warden at Solano State Prison, denied his access to the courts by withholding a Section 1983 complaint that Plaintiff attempted to mail.

**D.    Discussion**

**1.    Statute of Limitations**

Apparently, Plaintiff originally filed this lawsuit, challenging the disciplinary hearing and outcome, as a civil rights lawsuit under 42 U.S.C. § 1983, but was told that his civil rights suit was, effectively, Heck-barred, i.e., it could not proceed until and unless Plaintiff invalidated his disciplinary proceeding on habeas corpus. See Heck v. Humphrey, 512 U.S. 477 (1994). By the time Plaintiff filed his state habeas petition, the applicable 1-year statute of limitations had expired, the Court found Plaintiff was not entitled to equitable

tolling, and his case was found to be time-barred. (ECF No. 9 at 4-5.)

Whether Plaintiff raised the same excessive force claims he raises herein in his earlier complaint, or whether those claims were ever adjudicated on the merits, is not clear. Regardless, concerning the original complaint, the Court noted that Plaintiff does not explain why he waited until 2017 to file the instant lawsuit. It thus appeared that this filing falls far outside of the applicable statute of limitations.

In the original screening Order, the Court instructed Plaintiff to state why his 1994 claims are not barred by the applicable statute of limitations. (ECF No. 9 at 5-6.) In that Order, the Court specifically stated that:

> Plaintiff has not alleged facts to indicate equitable tolling may apply to his case. Absent such tolling, the statute of limitations on these claims that accrued in 1994 appear time barred. Though it seems unlikely Plaintiff will be able to so, he will be given <u>one</u> opportunity to explain why that may not be so.

(Id. at 5) (emphasis in original).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1050-51.

However, state law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. Id. at 537-39. California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years while the Plaintiff is imprisoned for a term less than life in prison. Under this tolling provision, Plaintiff had a maximum of four years from the date his claims accrued to file suit, unless that period was extended

by equitable tolling.

Under California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). Thus, it may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008). Equitable tolling is available where there is timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of Plaintiff. Id. However, equitable tolling generally does not apply where Plaintiff pursues successive claims in the same forum. Martell v. Antelope Valley Hosp. Med. Ctr., 79 Cal. Rptr. 2d 329, 334 (Cal. Ct. App. 1998).

In the first amended complaint, Plaintiff does not address the Court's instruction to explain why his complaint is not time-barred. Thus, the complaint concerning the incidents in 1994 and 1995 must be dismissed, as the Court specifically offered Plaintiff "<u>one</u>" opportunity to provide an explanation. (ECF No. 9 at 5) (emphasis in original).

### 2. Unrelated Claims and Motion for Permissive Joinder

Plaintiff's allegations concerning the events at Solano State Prison violate Federal Rule of Civil Procedure 20(a)(2). That provision permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff's claims concerning the incidents at Solano State Prison do not arise out of the same transaction or occurrence, or involve common questions of law or fact as the

1994 and 1995 incidents at California Correctional Institution in Tehachapi. In the first amended complaint, Plaintiff states that he needs the Court "to put these cases together so that I may pursue my proper redress from the constitutional violations complained of in my complaints." (ECF No. 11 at 10.) This request appears related to Plaintiff's motion for permissive joinder, which he filed before the first amended complaint. (ECF No. 10.)

In the motion for permissive joinder, Plaintiff moves to join the Defendants from this action and Case No. 1:98-cv-06027-REC-LJO (PC) (see supra at 4) and two other cases that Plaintiff filed in 2016 and 2017 ("17-15292 & 2:16-CV-02826-WBS-AC"). A search through the records of the Eastern District of California finds no case numbered 17-15292. Furthermore, a review of the record in case number 16-cv-02826-WBS-AC reveals that it is a petition for habeas corpus based upon allegations that Plaintiff was improperly denied parole while imprisoned at Solano State Prison. See Argon v. CDCR, Case No. 16-cv-02826-WBS-AC, ECF No. 9 (E.D. Cal. Jan. 4, 2017). That action was dismissed on January 30, 2017 for failure to state a claim for relief and no certificate of appealability was issued. See Argon v. CDCR, Case No. 16-cv-02826-WBS-AC, ECF Nos. 11, 12 (E.D. Cal. Jan. 30, 2017). The allegations in the petition for habeas corpus closely resemble those against the Solano State Prison Defendants in the first amended complaint. However, as the Court found above, those allegations are wholly unrelated to the claims in the original complaint, which arise from incidents of abuse in 1994 and 1995 at California Correctional Institution in Tehachapi

Federal Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." The allegations against Solano State Prison officials in the first amended complaint (ECF No. 11) and the allegations in the already-dismissed habeas petition (Case No. 16-cv-02826-WBS-AC) do not arise from the same transaction or occurrence as the 1994 and 195 incidents, nor do they concern any common questions of law or fact.

8

Thus, Plaintiff's motion for permissive joinder (ECF No. 10) must be denied and Plaintiff's case must be dismissed without leave to amend.

**IV.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court's Order dismissing this case and denying Plaintiff's motion for permissive joinder (ECF No. 15) is VACATED;

2. Plaintiff's motion for reconsideration (ECF No. 17) is DENIED AS MOOT; and

3. The Clerk of Court is directed to REOPEN this case and randomly appoint a District Judge to this action.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for permissive joinder (ECF No. 10) be DENIED; and

2. Plaintiff's case be DISMISSED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 9, 2017           /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE