UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON,<br><br>Plaintiff,<br><br>v.<br><br>G. BONNIE GARIBAY, et al.,<br><br>Defendants. | **Case No. 1:17-cv-00875-DAD-MJS (PC)**<br><br>**ORDER DENYING MOTION FOR PHYSICAL EXAMINATION**<br><br>**(ECF NO. 29)** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 2017. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

Plaintiff's complaint was dismissed on August 11, 2017 for failure to comply with the statute of limitations and failure to state a claim. (ECF No. 9.) Plaintiff was given thirty days to file an amended complaint.

Plaintiff timely filed a first amended complaint (ECF No. 11.) On October 19, 2017, the Court screened and dismissed the first amended complaint with prejudice, and entered final judgment in favor of Defendants. (ECF Nos. 15; 16.)

On November 13, 2017, the Court vacated the Order dismissing the case pursuant to the holding in Williams v. King, 875 F.3d 500 (9th Cir. 2017) (Magistrate Judge does not have jurisdiction to dismiss claims with prejudice during screening). (ECF No. 19.) Concurrently, the undersigned issued findings and recommendations to dismiss the case with prejudice. (Id.) Thereafter, Plaintiff filed objections to the findings and

recommendations. (ECF No. 22.) On February 2, 2018, the District Judge assigned to this case adopted the undersigned's recommendations, dismissed this case, and entered judgment in favor of Defendants. (ECF Nos. 25; 26.)

On February 23, 2018, Plaintiff moved the Court for an extension of time to file a notice of appeal. (ECF No. 27.) On February 28, 2018, the undersigned granted that motion and Plaintiff was afforded an additional 15 days to file his notice of appeal. (ECF No. 28.)

On March 7, 2018, Plaintiff filed a motion for physical examination pursuant to Federal Rule of Civil Procedure 26, asking the Court to order magnetic resonance imaging ("MRI") of Plaintiff. (ECF No. 29.)

Discovery may not proceed until the Court determines Plaintiff has stated a viable claim and it has been served on Defendants. See Fed. R. Civ. P. 26(f) The Court dismissed this case on February 2, 2018 because Plaintiff failed to state a cognizable claim for relief. (ECF Nos. 25; 26.) The time for discovery in this case never opened and cannot be pursued now where the claim has been dismissed and judgment entered for Defendants. Even if the case and discovery were proceeding, Plaintiff has no right to medical examination at the expense of the Court or Defendants. See Fed. R. Evid. 706(a); McKinney v. Anderson, 924 F.2d 1500, 1510–11 (9th Cir.1991) (A court has full discretion to appoint a neutral expert witness either by its own motion or by a party's motion). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Jenkins v. Barnes, No. 2:13–cv–0596 KJM AC, 2015 WL 5092721 (E.D. Cal. Aug. 28, 2015) (internal quotations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for physical examination is DENIED.

IT IS SO ORDERED.

Dated: April 6, 2018          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

2