UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. BONNIE GARIBAY, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00875-DAD-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 31) |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 2, 2018, the undersigned adopted the assigned magistrate judge's findings and recommendations recommending that plaintiff's complaint be dismissed with prejudice for failure to state a cognizable claim for relief, and directed the Clerk of the Court to close the case. (Doc. No. 25.)

On March 7, 2018, plaintiff filed a motion for physical examination pursuant to Rule 26 of the Federal Rules of Civil Procedure, requesting that the court order a magnetic resonance imaging ("MRI") of plaintiff. (Doc. No. 29.) On April 9, 2018, magistrate judge denied the motion. (Doc. No. 30 at 2.) The magistrate judge found that discovery in this case had never opened and could not now be pursued where plaintiff's complaint had been dismissed and judgment entered in favor of defendants. (*Id.*)

1

On April 23, 2018, plaintiff filed a document titled "Opposition to Dismiss Order Denying Motion for Physical Examination." (Doc. No. 31.) Therein, plaintiff repeats his request for a medical examination and a MRI, arguing that he "need[s] the court know [sic] about the Damages the Defendants did to the plaintiff." (*Id.* at 3.) The court construes this filing as a motion for reconsideration of the magistrate judge's order denying plaintiff's motion for physical examination.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff fails to meet the requirements for granting a motion for reconsideration. Plaintiff has not shown mistake, inadvertence, surprise, or excusable neglect; he has also not shown the existence of either newly discovered evidence or fraud; has not established that the judgment is either void or satisfied; and has not presented any other reasons justifying relief from

| | |
|---|---|
| 1 | judgment.  Moreover, pursuant to the court's Local Rules, plaintiff has not shown "new or |
| 2 | different facts or circumstances claimed to exist which did not exist or were not shown upon such |
| 3 | prior motion, or what other grounds exist for the motion."  Local Rule 230(j).  The arguments |
| 4 | plaintiff presents in support of his request for a physical examination are not new, novel, or based |
| 5 | on new developments.  To the contrary, his arguments have previously been presented to and |
| 6 | rejected by the court. |
| 7 | Accordingly, plaintiff's motion for reconsideration (Doc. No. 31) is denied. |
| 8 | IT IS SO ORDERED. |
| 9 | Dated: **July 16, 2018** |
| 10 | UNITED STATES DISTRICT JUDGE |